| | |
|---|---|
| CHRISTOPHER A. ORZECH,<br>　　　　　　　Plaintiff, | :<br>:<br>:<br>: |
| v. | :     No. 5:18-cv-03938 |
| MUHLENBERG TOWNSHIP,<br>　　　　　　　Defendant. | :<br>:<br>: |

# O P I N I O N

**Defendant's Motion to Dismiss, ECF No. 8 ---------------- Granted in Part and Denied in Part**

**Joseph F. Leeson, Jr.**                                                                 **August 13, 2019**
**United States District Judge**

## I.    INTRODUCTION

Plaintiff, a former employee of the Defendant township, brought this action against the township based on an employment dispute. Claims under the Americans with Disabilities Act, the Pennsylvania Human Relations Act, and Pennsylvania common law have been asserted. Defendant has moved to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion to dismiss is granted in part and denied in part.

## II.    FACTUAL BACKGROUND[1]

Defendant Muhlenberg Township is a municipal township in Pennsylvania. Plaintiff Christopher Orzech worked for Defendant as a police officer since March 1989. In August 2015, Plaintiff suffered an injury to his left shoulder which caused an extended absence from his

---

[1] The background information in this section is taken from the complaint and is set forth as if true solely for the purpose of analyzing the pending motion to dismiss. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

position as a police officer.

Almost a year after Plaintiff's ongoing absence began, Defendant offered Plaintiff the opportunity to return to work as a temporary "Property Maintenance Officer and Park Attendant/Caretaker." This position was with another department within the township. The position generally involved looking after Defendant's parks and comprised of tasks such as cleaning restrooms, emptying trashcans, sweeping walks and pavilions, and cleaning tables. These tasks necessarily involved the use of Plaintiff's injured left shoulder.

Although the tasks associated with the position involved the use of Plaintiff's injured left shoulder, Defendant did not consult Plaintiff or Plaintiff's surgeon with respect to the position and its responsibilities. According to Plaintiff, the appointment to this position allegedly violated a recommendation made to Defendant. The recommendation came from an independent medical evaluation that Defendant required Plaintiff to undergo because of his ongoing absence from his position as a police officer.

Plaintiff alleges that Defendant appointed Plaintiff to this position even though it knew the Plaintiff could not fulfill the essential functions of the position because of his injured left shoulder. Defendant allegedly knew that Plaintiff's shoulder injury prevented him from picking up litter, sweeping walks and pavilions, spot cleaning the restrooms, cleaning tables, or all of those tasks. Defendant also allegedly knew that Plaintiff could not clear snow and did not possess the necessary physical agility to ascend or descend steps of various heights because of Plaintiff's significant restrictions on his ability to lift.

Plaintiff further alleges that Defendant knew that Plaintiff did not possess the proper qualifications for the position. Plaintiff had no experience maintaining property or inspecting new property. Plaintiff was also unfamiliar with the legal and weight-bearing requirements of

new construction. Defendant also knew that Plaintiff did not possess familiarity with general park rules or regulations and was unqualified to interpret them.

Even though Defendant knew that Plaintiff physically could not fulfill the essential functions of the position and that Plaintiff did not possess the proper understanding or qualifications for the position, Defendant still instructed Plaintiff to show up for work on July 25, 2016.

In addition to those factors related to the position as a temporary "Property Maintenance Officer and Park Attendant/Caretaker," Defendant allegedly took actions to generally humiliate and embarrass Plaintiff. For example, Defendant required Plaintiff to wear a visitor's badge to enter a township building despite the fact that Plaintiff still had access to the building through his key fob. Defendant's employee in charge of payroll also wrote hostile emails to Plaintiff because he requested copies of his pay stubs from August 2016 to December 2016.

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for its "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). The Rules generally demand "only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the

light most favorable to the plaintiff." *Phillips v. Cty. of Allegheny*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002) (internal quotations omitted)). Only if "the '[f]actual allegations . . . raise a right to relief above a speculative level'" has the plaintiff stated a plausible claim. *Id*. at 234 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hodges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV. ANALYSIS

Defendant generally argues for dismissal of Plaintiff's complaint on two grounds: (1) that certain legal doctrines bar the claims; and (2) that Plaintiff failed to properly plead the claims asserted. The Court considers these arguments below.

### A. The *Rooker-Feldman*, *Younger* abstention, and preclusion doctrines do not bar Plaintiff's claims.

Defendant takes a "shotgun" approach to dismissal and argues that several legal doctrines (*Rooker-Feldman*, *Younger* abstention, and preclusion) prohibit the federal courts from presiding over this case. As discussed below, these legal doctrines to not prohibit the Court from presiding over this case.

1. *Rooker-Feldman*[2]

Defendant argues first that Plaintiff's entire complaint is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine divests the federal courts of subject matter jurisdiction to adjudicate a complaint of injury caused by a state-court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287-88 (2005) (holding that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). The doctrine is a narrow one that "applies only in limited circumstances." *Lance v. Dennis*, 546 U.S. 459, 466 (2006) (internal quotation marks & citations omitted). Following *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), the United States Court of Appeals for the Third Circuit explained that there are four requirements for the *Rooker-Feldman* doctrine to apply:

> (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quotation and alteration in original) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). A finding that *Rooker-Feldman* bars Plaintiff's federal claims would divest this Court of subject matter jurisdiction over those claims. *See Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003).

---

[2] The Rooker-Feldman doctrine is named for Rooker v. Fidelity Trust Co., 263 U.S. 413, (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Defendant's invocation of the *Rooker-Feldman* doctrine fails at the second requirement. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) ("The second requirement—that a plaintiff must be complaining of injuries caused by a state-court judgment—may also be thought of as an inquiry into the source of the plaintiff's injury."). Where a plaintiff alleges an injury caused by the defendant's actions (and not the state court's judgment), "the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 167 (3d Cir. 2010) (citing *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87-88 (2d Cir. 2005)). Indeed, the Third Circuit Court of Appeals endorsed the United States Court of Appeals for the Second Circuit's example—one that the Court notes is similar to the facts of the case here—where *Rooker-Feldman* would not prohibit federal district court jurisdiction:

> Suppose a plaintiff sues his employer in state court for violating both state anti-discrimination law and Title VII and loses. If the plaintiff then brings the same suit in federal court, he will be seeking a decision from the federal court that denies the state court's conclusion that the employer is not liable, but he will not be alleging injury from the state judgment. Instead, he will be alleging injury based on the employer's discrimination. The fact that the state court chose not to remedy the injury does not transform the subsequent federal suit on the same matter into an appeal, forbidden by *Rooker-Feldman*, of the state-court judgment.

*Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87-88 (2d Cir. 2005); *see also Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 167 (3d Cir. 2010) ("The critical task is thus to identify those federal suits that profess to complain of injury by a third party, but actually complain of injury 'produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.'" (citing *Hoblock*, 422 F.3d at 88)).

Here, contrary to Defendant's assertions, the complaint does not challenge the decision of the Workers' Compensation Judge. Instead, the complaint alleges an injury based on Defendant's

actions. In fact, nowhere in the complaint does Plaintiff request this Court's review of the workers' compensation proceedings. *Cf. Hogg's v. New Jersey*, No. 07-cv-2972, 2008 U.S. Dist. LEXIS 102145, at *28 (D.N.J. Dec. 15, 2008) (holding that the *Rooker-Feldman* doctrine barred the plaintiff's claims because the plaintiff alleged that his due process rights were violated based on a Workers' Compensation judge's ruling). Therefore, *Rooker-Feldman* does not bar Plaintiff's federal claims.

2. *Younger* Abstention

Defendant argues next that the Court should abstain from exercising jurisdiction over Plaintiff's claims based on the *Younger* abstention doctrine. The *Younger* abstention doctrine derives from the United States Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971). Like *Rooker-Feldman*, *Younger* abstention is an "exceptional" remedy to be invoked in only a narrow range of cases. *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). In *Younger*, "the Supreme Court held that federal courts should decline to enjoin a pending state court criminal prosecution absent a showing that the charges had been brought in bad faith or with an intent to harass." *Acra Turf Club, Ltd. Liab. Co. v. Zanzuccki*, 748 F.3d 127, 132 (3d Cir. 2014) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Since the Supreme Court's decision in *Younger*, the Supreme Court has extended its application to bar federal interference with a variety of ongoing state court civil proceedings. *See Moore v. Sims*, 442 U.S. 415 (1979); *Trainor v. Hernandez*, 431 U.S. 434 (1977); *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975). In *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982), and *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619 (1986), the Supreme Court went further than barring federal interreference with ongoing state court civil and criminal proceedings and applied the abstention doctrine to ongoing state administrative proceedings.

Abstention under *Younger* and its progeny allow a federal court to disregard its "virtually unflagging" obligation to hear and decide cases within its jurisdiction. *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 77 (2013). A court can do this "only when federal litigation threatens to interfere with one of three classes of cases: (1) state criminal prosecutions, (2) state civil enforcement proceedings, and (3) state civil proceedings involving orders in furtherance of the state courts' judicial function." *Acra Turf Club, Ltd. Liab. Co. v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014). If the case falls into one of those three classes, it must also satisfy three additional requirements for abstention, that: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims. *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005); *see also Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 71 (2013) (explaining that these three factors are additional factors appropriately considered by a federal court before invoking *Younger*).

Defendant argues that Plaintiff's claims before this Court would interfere with the workers' compensation proceedings. Even if the Court were to assume that such workers' compensation proceedings belongs to one of the three classes of cases, it is clear that the proceedings would not satisfy the additional requirements for abstention. Defendant's memorandum of law in support of its motion to dismiss concedes that the Workers' Compensation judge entered a judgment in the workers' compensation proceedings. *See* Def.'s Mem. 3, ECF No. 7-4. Thus, it appears the proceedings are not ongoing. Moreover, the jurisdiction of the workers' compensation proceedings is limited by statute. *See* 77 Pa. Cons. Stat. §§ 1-2710. Generally, in the context of hearings, a workers' compensation judge "hear[s] and determine[s] all petitions by employers or insurers to suspend, terminate, reduce or

otherwise modify compensation payments, awards, or agreements and petitions by employees or their dependents to increase, modify or reinstate compensation payments, awards, or agreements." 77 Pa. Cons. Stat. § 710. Plaintiff's federal claims here do not concern his compensation payments under the Pennsylvania statute, but instead concern federal claims. These claims are not properly considered by the workers' compensation judge. Because the workers' compensation proceedings are not ongoing, Plaintiff cannot adequately raise his federal claims in the parallel state proceedings, or both, *Younger* abstention is not appropriate.

Even if Plaintiff's claims fit into a category warranting abstention, the Court would not decline to exercise jurisdiction. Defendant does not identify how Plaintiff's federal claim would interfere with the workers' compensation proceedings. Here, Plaintiff brings claims under the Americans with Disabilities Act, the Pennsylvania Human Relations Act, and Pennsylvania common law; Plaintiff does not seek to invalidate the Workers' Compensation judge's ruling or enjoin those proceedings (even assuming they are still ongoing). *See Godfrey v. Upland Borough*, 246 F. Supp. 3d 1078, 1094 (E.D. Pa. 2017) ("Absent any articulation as to why federal jurisdiction would interfere with the state-court action, rather than merely parallel it, abstention is not appropriate.").

For those reasons, Defendant's motion to dismiss on the basis of *Younger* abstention is denied.

9
081219

3. Collateral Estoppel[3]

Despite the inapplicability of the *Rooker-Feldman* and *Younger* abstention doctrines, there could still be preclusion issues that arise when a parallel state proceeding finalizes. Defendant argues next that collateral estoppel (issue preclusion) defeats Plaintiff's federal suit.

Collateral estoppel is a limited preclusive device that prevents "relitigation only of an issue identical to that adjudicated in the prior action." *Morris v. Pa. Pub. Sch. Emps. Ret. Sys.*, No. 89-cv-0145, 1989 U.S. Dist. LEXIS 12038, at *5-6 (E.D. Pa. Oct. 5, 1989) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). Under Pennsylvania law, four elements must be met for collateral estoppel to apply:

> (1) the issue decided in the previous action must be identical to one presented in the later action; (2) the previous action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the previous action, or is in privity with a party to the previous action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous action.

*Ocasio v. Ollson*, 596 F. Supp. 2d 890, 896 (E.D. Pa. 2009) (quoting *Magoni-Detwiler v. Pennsylvania*, 502 F. Supp. 2d 468, 474 (E.D. Pa. 2007)). In addition to those four elements, courts in the Third Circuit require another element be satisfied for collateral estoppel to preclude relitigation of an issue: the adjudicator at the prior proceeding must have confronted and decided the question not merely remarked on it in dicta. *See Khalil v. Rohm & Haas Co.*, No. 05-cv-3396, 2008 U.S. Dist. LEXIS 10169, at *14 (E.D. Pa. Feb. 11, 2008) (citing *Abdulhay v. Bethlehem Medical Arts*, 425 F. Supp. 2d 646, 656 (E.D. Pa. 2006)). "Defendants, as the parties

---

[3] In Defendant's memorandum, Defendant states in its heading on this point that "the doctrines of res judicata and collateral estoppel preclude[ ] Plaintiff's causes of action." *See* Mem. 6, ECF No. 7-4. In the following portion of its brief, however, Defendant argues only that collateral estoppel (issue preclusion) should prevent Plaintiff's claims. *Id.* at 6-8. Therefore, Court addresses only Defendant's argument for collateral estoppel.

seeking to effectuate an estoppel, have the burden of demonstrating the propriety of its application." *Magoni-Detwiler*, 502 F. Supp. 2d at 474 (citing *Chisholm v. Def. Logistics Agency*, 656 F.2d 42, 50 (3d Cir. 1981)).

Here, Defendant fails to demonstrate satisfaction of the first element of collateral estoppel because the issue decided by the Workers' Compensation judge at the workers' compensation proceeding is not identical to those issues presently before this Court. The Court notes first, that Defendant's bald assertions that the issues sought to be precluded here are the same issues decided by the Workers' Compensation judge is insufficient to demonstrate the propriety of the application of collateral estoppel. *See Magoni-Detwiler*, 502 F. Supp. 2d at 474. Moreover, the Workers' Compensation judge's findings do not involve Plaintiff's claims under the Americans with Disabilities Act, the Pennsylvania Human Relations Act, or Pennsylvania common law. Instead the Workers' Compensation judge's findings address only claims to modify Plaintiff's compensation benefits under the Pennsylvania Workers' Compensation Act. As a result, the Workers' Compensation judge's findings did not constitute a decision on an issue identical to the ones presently before this Court and the Workers' Compensation judge's decision cannot be given preclusive effect. Therefore, the Court will not preclude Plaintiff's claims on the basis of collateral estoppel.

**B. Plaintiff's complaint does not contain sufficient factual matter to state a plausible claim to relief.**

As explained above, Plaintiff asserts claims under the Americans with Disabilities Act, the Pennsylvania Human Relations Act, and Pennsylvania common law. Specifically, Plaintiff asserts the following claims: (1) violations of Americans with Disabilities Act (Count I); (2) violations of Americans with Disabilities Act, Retaliation (Count II); (3) retaliation for filing workers' compensation (Count III); and (4) violations of the Pennsylvania Human Relations Act

(Count IV).[4] The parties' arguments are somewhat difficult to follow and replete with conclusory rationale. Although the briefing leaves the Court unimpressed, this much is clear to the Court: the complaint does not contain sufficient factual matter to state claims to relief.

1. Violations of Americans with Disabilities Act and Pennsylvania Human Relations Act

The Americans with Disabilities Act (ADA) provides: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112; *Sutton v. United Air Lines*, 527 U.S. 471, 475 (1999) ("The [ADA] . . . prohibits certain employers from discriminating against individuals on the basis of their disabilities.") "Discrimination under the ADA encompasses not only such disparate treatment but also the failure to provide a reasonable accommodation for an individual's disability." *Reilly v. Upper Darby Twp.*, 809 F. Supp. 2d 368, 377 (E.D. Pa. 2011). Plaintiff appears to advance a claim that Defendant discriminated against him by failing to provide a reasonable accommodation for his disability and instead discharging him.

To plead a prima facie case of discrimination under the ADA a plaintiff must allege (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an "adverse employment decision" as a result of

---

[4] Since Pennsylvania Human Relations Act (PHRA) claims are analyzed coextensively with ADA claims, *see Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996), the Court considers Plaintiff's general ADA and ADA retaliation claims together with Plaintiff's claim under the PHRA.

discrimination. *See Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004); *see also O'Donnell v. Colonial Intermediate Unit 20*, No. 12-cv-6529, 2013 U.S. Dist. LEXIS 43103, at *14 (E.D. Pa. Mar. 27, 2013).

Defendant argues generally that Plaintiff has not pled a plausible prima facie case under the ADA but then focuses its argument on the third element (an adverse employment decision). Most of the parties' discussion of whether Plaintiff has pled a plausible prima facie case under the ADA focuses on this element, but it is also not clear whether Plaintiff plausibly pled the second element (qualified status). The Court considers both below.

    *a. Qualified Status*

The second element of a claim for discrimination under the ADA requires Plaintiff allege that he is otherwise qualified to perform the essential functions of a job, with or without reasonable accommodations by the employer. In other words, Plaintiff must allege that he is a "qualified individual." *See Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 768 (3d Cir. 2004) (citing *Deane v. Pocono Med. Ctr.*, 142 F.3d 138, 145 (3d Cir. 1998)). "Under the ADA, a reasonable accommodation includes 'reassignment to a vacant position.'" *Reilly v. Upper Darby Twp.*, 809 F. Supp. 2d 368, 380 (E.D. Pa. 2011) (quoting 42 U.S.C. § 12111(9)(B))).

Here, Plaintiff has not alleged sufficient facts in the complaint, if proven, that would demonstrate that he was qualified to perform the essential functions of his previous job as a police officer, the offered job as a property maintenance officer and park attendant/caretaker, or some other position with the township that is vacant with or without reasonable accommodations by Defendant. The complaint focuses only on how Plaintiff was generally unqualified and unfit to perform the essential functions of the offered job as a property maintenance officer and park

attendant/caretaker. The complaint includes no discussion of how Defendant might have reasonably accommodated Plaintiff or how he was qualified for another vacant position or could qualify for that position with reasonable accommodations. *See Reilly v. Upper Darby Twp.*, 809 F. Supp. 2d 368, 380 (E.D. Pa. 2011) (explaining that a plaintiff would be considered a qualified individual "even if he is no longer able to perform the job of a patrol officer, as long as he is able to perform another job available in the police department"). Even when accepting the allegations in the complaint as true and viewing them in a light most favorable to Plaintiff, the Court cannot ignore that Plaintiff failed to plead sufficient facts to infer that he is otherwise qualified to perform the essential functions of a job with or without reasonable accommodations by Defendant.[5]

### b. Adverse Employment Action Resulting from Discrimination

As part of his case of discrimination under the ADA, Plaintiff must also allege that he suffered an adverse employment decision. *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 771 (3d Cir. 2004). In the context of the ADA, refusing to make reasonable accommodations for a plaintiff's disabilities would constitute an adverse employment decision. *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004). Plaintiff's complaint with respect to his claim under the ADA includes two references to his discharge or termination. Compl. ¶¶ 46, 50, ECF No. 1.[6] Besides these two references, there are no other

---

[5] The complaint's mere conclusory legal statements in the charge portion of the complaint that Plaintiff is a qualified individual need not be taken as true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[6] Specifically, the complaint alleges:

> ¶ 46. Plaintiff has been treated disgracefully, and [un]ethically and unlawfully despite having been honorably discharged after yeoman service to the Defendant.

allegations as to his termination.

In his brief in opposition to the motion to dismiss, Plaintiff explains his legal theory as to this element. Pl.'s Br. 9-11, ECF No. 8. He appears to argue that Defendant failed to make a reasonable accommodation by offering him a position for which he was unqualified. Plaintiff further appears to claim that by offering him a position for which he was unqualified, or which involved menial tasks, Defendant constructively discharged Plaintiff. In support of this argument, Plaintiff asserts that the facts in his complaint "suggest that the Defendant was hostile to the Plaintiff because of his disability, his requests for accommodation and his engagement in protected activity by virtue of his charge." Pl.'s Br. 11. However, these allegations that Plaintiff made requests for accommodation or engaged in protected activity are not included in the complaint and the Court cannot consider them as to whether Plaintiff sufficiently alleged that he suffered an adverse employment decision. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 232 (3d Cir. 2015) ("Although a court on a motion to dismiss ordinarily must accept the allegations in the complaint as true, it is not compelled to accept assertions in a brief without support in the pleadings." (internal quotations omitted)). Further, while a theory of constructive discharge may satisfy this element, Plaintiff has not alleged any facts in the complaint that would allow the Court to infer that he was constructively discharged. The complaint does not include allegations that Plaintiff voluntarily resigned because of some intolerable working conditions or that Defendant did so with the intent to force him to quit. The circumstances of the end of

---

¶ 50.   In terminating Plaintiff's employment, in failing to accommodate his known or perceived disability, Defendant violated the Americans with Disabilities Act.

Compl. ¶¶ 46, 50.

Plaintiff's employment with Defendant are not clear nor are they discussed in the complaint.

As Plaintiff argues, it is true that he is not required to plead a prima facie case under the ADA, only a plausible one. Still, Plaintiff fails to plead sufficient factual allegations with respect to an adverse employment action that would state a plausible claim under the ADA. Plaintiff's complaint is unclear as to when or under what circumstances his employment with Defendant ended and Plaintiff also fails to allege sufficient facts for the Court to infer that his resignation constituted constructive discharge. Much of the Court's understanding of the circumstances of Plaintiff's employment comes from the parties' briefing—something the Court is not compelled to accept without support in the pleadings. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 232 (3d Cir. 2015).

Accordingly, this Court concludes that Plaintiff failed to state a claim upon which relief may be granted for violations of the ADA and PHRA. Plaintiff fails to allege sufficient facts for this Court to infer that he was a qualified individual or that he suffered an adverse employment action resulting from discrimination. Under these circumstances, Plaintiff's ADA and PHRA claims must be dismissed. This Court will permit Plaintiff leave to file an amended complaint to cure these defects as discussed above.

2. Retaliation under the Americans with Disabilities Act and Pennsylvania Human Relations Act

To plead a prima facie case of retaliation under the ADA a plaintiff must allege: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action. *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997). Only after a plaintiff establishes a prima facie case of retaliation under the ADA does the burden shift to the employer defendant to advance a

legitimate, non-retaliatory reason for the adverse employment action. *Id.* at 500-01.

Plaintiff's allegations as to his ADA retaliation claim are not clear. Even taking the allegations in his complaint as true, the Court cannot conclude that the complaint sets forth sufficient facts to state a plausible claim of ADA retaliation. Besides conclusory legal statements in the charge portion of his complaint, Plaintiff's complaint is devoid of factual matter to support this claim. First, the complaint does not state what protected employee activity Plaintiff took that caused the alleged retaliation. At best the complaint only lists Plaintiff's general grievances with Defendant. Second, as mentioned above, Plaintiff fails to plead sufficient factual allegations in his complaint with respect to an adverse employment action. Even if the Court were to assume some adverse employment action, the Court cannot connect that unidentified adverse action to an unidentified protected employee activity. Finally, Plaintiff's complaint lacks any allegations of facts which plausibly give rise to an inference of a causal link between his unidentified protected activity and the unidentified adverse employment action.

Accordingly, this Court concludes that Plaintiff failed to state a claim for ADA and PHRA retaliation upon which relief may be granted. His claims must, therefore, be dismissed. This Court will permit Plaintiff leave to file an amended complaint to cure these defects as discussed.

 3. Common Law Retaliation

In the third count of his complaint, Plaintiff asserts a claim for "retaliation for filing for workers' compensation." Compl. 8. Defendant analyzes this claim in its motion to dismiss under the burden shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Plaintiff responds to Defendant's analysis that the Court should interpret this common law claim

differently than how Defendant interpreted it.[7]

Pennsylvania recognizes a common law cause of action for wrongful discharge of an employee who has filed a claim for workers' compensation. *See Shick v. Shirey*, 716 A.2d 1231, 1238 (Pa. 1998); *see also Steele v. Pelmor Labs., Inc.*, 725 F. App'x 176, 181 (3d Cir. 2018) (holding that Pennsylvania recognizes a cause of action for terminating an employee in retaliation for filing a workers' compensation claim). While the elements this type of common law claim have not been established by the Pennsylvania Supreme Court, the United States Court of Appeals for the Third Circuit analyzes such claims using the *McDonnell Douglas* framework. *Steele v. Pelmor Labs., Inc.*, 725 F. App'x 176, 181 (3d Cir. 2018) (citing *Theriault v. Dollar Gen.*, 336 F. App'x 172, 175 (3d Cir. 2009)); *see also Deily v. Waste Mgmt.*, 55 F. App'x 605, 608 (3d Cir. 2003). Therefore, to plead a claim for a prima facie case of retaliatory discharge would require a plaintiff to allege: "(1) the employee engaged in a protected activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action." *Deily v. Waste Mgmt.*, 55 F. App'x 605, 608 (3d Cir. 2003) (quoting *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000) (citations omitted)).

For similar reasons to Plaintiff's ADA and PHRA retaliation claims above, this claim also must be dismissed. Initially the Court notes that besides references to workers' compensation proceedings and a legal conclusion that Plaintiff was retaliated against for filing for workers' compensation, the complaint does not include any factual assertions that Plaintiff

---

[7] Plaintiff's argument on this point is not clear. Instead of pointing to authority from Pennsylvania courts suggesting a different way for courts to analyze these claims, Plaintiff simply states that the way in which Defendant analyzed this claim is incorrect. Pl.'s Br. 12 n.4.

filed for workers' compensation. Even deducing from these assertions that Plaintiff did file for workers' compensation, the lack of any temporal details as to when Plaintiff filed for workers' compensation and when an adverse employment action occurred prevents the Court from determining whether Plaintiff adequately pled a claim retaliatory discharge. Further, even accepting the allegations in the complaint as true and viewing them in a light most favorable to Plaintiff, the complaint does not plead sufficient facts for the Court to infer a causal link between Plaintiff filing for workers' compensation and Defendant taking an adverse action against Plaintiff.

Accordingly, this Court concludes that Plaintiff failed to state a claim for common law retaliation upon which relief may be granted. This claim is therefore dismissed. This Court will permit Plaintiff leave to file an amended complaint to attempt to cure these defects as discussed.

V. **CONCLUSION**

For the reasons discussed above, Defendant's motion to dismiss is granted in part and denied in part. Plaintiff's claims are dismissed without prejudice and he is granted leave to file an amended complaint. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge